Dora Vibbard, as Executrix, etc., of Harry R. Vibbard, Deceased, Respondent, v. Kinser Construction Company, Appellant.— Order affirmed, with ten dollars costs and disbursements.   All concurred.

Herman D. Walters, Respondent, v. David Grinberg and Adolph Morris, Appellants.— Judgment and order unanimously affirmed, with costs.

Jessie M. Werder, Respondent, v. Amos L. Prescott and Others, Appellants.— Judgment modified by striking therefrom extra allowance for costs, and as so modified, together with the order denying motion for new trial, unanimously affirmed, with costs.

Edwin R. Bryant, Plaintiff, v. Charles H. Turner and Mrs. Charles H. Turner, Defendants.— Decision amended by striking therefrom the words, "within thirty days after service of a copy of such judgment," and by adding thereto the following: This determination shall not be construed to prevent the application upon such amounts of any lawful deductions for insurance on the saw mill received by Charles H. Turner, or for the use of said saw mill by said Charles H. Turner subsequent to the commencement of this action.   And the judgment entered on said decision is amended to correspond herewith.

John Barkley, Respondent, v. Frederick W. Herbert, Appellant.— Motion granted by default.

George R. Hamm, an Infant, by George H. Hamm, His Guardian ad Litem, Appellant, v. The Prudential Insurance Company of America, Respondent.— Motion granted.

Edward Hendrickson, Respondent, v. Acme Engineering and Contracting Company, Appellant.— Motion denied.

Hudson River Telephone Company, Respondent, v. Ætna Life Insurance Company, Appellant.— Motion denied.

John H. Jackson, Appellant, v. Alpha Portland Cement Company, Respondent.— Judgment and order unanimously affirmed, with costs.

Emily Johnson, Respondent, v. First National Bank of Franklin, Appellant.— Motion granted.

Carrie L. Lee, as Administratrix, etc., of Burton B. Lee, Deceased, Plaintiff, v. Stillwater and Mechanicville Street Railway Company and Others, Defendants. — Decision postponed to September term.   Meantime appellant must use due diligence to obtain settlement of case and be ready for argument at that term.

In the Matter of the Application of the Heine Safety Boiler Company, Appellant, for a Writ of Mandamus Requiring the Franklin Boiler Works Company, Respondent, to Allow an Inspection of Its Books.— Decision amended so that the last clause shall read: "In which case order is modified by striking therefrom the award of costs, and as modified affirmed, without costs."   In other respects the motion is denied, without costs.

Joseph E. Packard, Appellant, v. Jane Guild Packard, Respondent.— Motion denied, with ten dollars costs.